## DOROTHY SINA AND OTHERS v. ROGER M. SCHIFSKY AND OTHERS.

208 N. W. 2d 302.

June 8, 1973—No. 43824.

*Van Valkenburg, Comaford, Moss, Fassett, Flaherty & Clarkson,* *Patrick F. Flaherty, Daniel D. Plauda, Mahoney, Dougherty, Angell &* *Mahoney,* and *James M. Mahoney,* for appellants.

*Murnane, Murnane, Battis & Conlin* and *Thomas M. Conlin,* for respondents.

Heard before Knutson, C. J., and Peterson, Todd, and Gillespie, JJ.

PER CURIAM.

Plaintiffs, four of the five surviving children[1] of Louis Schifsky, decedent, appeal from an order denying their motion for a new trial. They brought this action to set aside inter vivos transfers of real property from decedent to defendant, the fifth surviving child, alleging that the challenged transfers were made neither with donative intent nor for a valuable consideration but were, instead, the product of undue influence by and on behalf of defendant.

The findings of fact by the trial court, sitting without a jury, were wholly adverse to the claims of plaintiffs. No purpose would be served by detailed discussion of the evidentiary matters other than to reiterate that, upon review, the evidence must be viewed most favorably to the prevailing party and that the inferences which the trier of fact well

[1] Plaintiff Robert Louis Schifsky died during the pendency of the action, and the administrator of his estate was substituted for him.

could draw from the credited testimony and documentary evidence amply support the findings of fact. These findings fully support the court's conclusion that decedent's conveyances effectively vested in defendant all right, title, and interest to the real property in issue.

Plaintiffs contend that they nevertheless should have been granted a new trial on the grounds that they were entitled, as a matter of right, to have the fact issues tried by a jury and not by the court. A determination must be made, in light of the pleadings, as to whether the nature of the controversy is primarily legal or whether it is primarily equitable. Wright, Minnesota Rules, p. 235. Plaintiffs assert that the action for ejectment alleged by amendment to their complaint was an action at law, triable by jury. We agree with the trial court, however, that the basic thrust of the litigation at all times was to obtain cancellation of challenged deeds of conveyance, although plaintiffs also sought to enjoin defendant from asserting any claim to the conveyed property and to quiet title. Cancellation of a deed on the grounds of undue influence is a traditional equity action. 3 Pomeroy, Equity Jurisprudence, §§ 951 and 962a, note 10. While plaintiffs asserted a claim for money damages, this is supplementary relief contingent upon a cancellation of the deeds. "Obviously," as we said in Rognrud v. Zubert, 282 Minn. 430, 435, 165 N. W. 2d 244, 248 (1969), footnote 8, "if the 'equitable' issues are dispositive of the case, there is no reason to have the jury pass on the 'legal' issues." See, also, 2 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 125.

Affirmed.